FRED S. HADRA, APPELLANT, *v.* UTAH NATIONAL BANK, RESPONDENT.

APPEAL.—INSTRUCTIONS.—FAILURE TO EXCEPT.—Where it appears from the record that no exception was taken either to the charge as given or to the refusal to give instructions requested, no error can be assigned thereon.

TRIAL.—REFUSAL OF WITNESS TO ANSWER.—EVIDENCE.— *Semble* that where a witness contumaciously refused to answer a material question, he may not only be punished as for contempt, but it is the duty of the court to strike out all the witness' testimony.

TRIAL.—EVIDENCE.—DEPOSITION.—REFUSAL TO ANSWER.—Where a witness, being examined for taking his deposition, refuses to answer a material question, it is not error for the court to exclude the whole deposition.

BANKS.—PROTEST FOR NON-PAYMENT OF CHECK.—DAMAGES.—Where

it appears that the appellant forbade payment of his own check, because indorsed by a person in a bank, who was not cashier, but who had authority to sign the cashier's name, and in consequence the check was protested; *held*, that no damages could be recovered therefor.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial, Hon. George W. Bartch, judge. The opinion states the facts.

*Messrs. Loofbourow, Montgomery and Kahn*, for the appellant.

*Messrs. Williams and Van Cott*, for the respondent.

SMITH, J.:

This is an action for damages by plaintiff against defendant for wrongfully causing a check of plaintiff to be protested; plaintiff claimed damages in the sum of ten thousand dollars.

The answer puts all material allegations of the complaint in issue. A trial was had and verdict being for defendant, plaintiff moved for a new trial; the motion was overruled and the plaintiff appeals from the judgment and order denying a new trial.

The facts in brief are as follows: Plaintiff drew a check in favor of A. B. Jones, who was cashier of defendant; C. L. Hawley was teller of defendant. Hawley indorsed the name of Jones on the check and also the name of defendant bank; in this condition it was presented to the American National Bank and payment was refused because Jones had not indorsed his own name on it. The American National Bank was informed that Hawley had authority to endorse the check with the name of Jones. It communicated the fact to plaintiff by telephone and plaintiff forbade the payment of the check without Jones would personally

indorse it.   Defendant then caused the check to be protested for non-payment.

It also appeared that plaintiff notified Dun & Co.'s Mercantile Agency of the protest and the circumstances attending it, and it further appears from a deposition rejected when offered that one George P. Clark, who at the time these transactions occurred was manager of Bradstreet's agency in Salt Lake City heard of the occurrence. How he heard of it does not appear for the reason that when his deposition was taken he refused to answer who told him.

Plaintiff on the trial requested the court to give certain instructions to the jury, and the refusal to give them as requested is assigned here for error.

An examination of both the abstract and transcript discloses the fact that no exception was ever taken either at the trial or afterwards to the court's refusal to give these instructions, nor was there any exception ever taken to the charge as given.

It is very clear therefrom that we cannot consider these matters here; this rule is so well established that it requires no citation of authorities to support it.

The only error assigned which is before us for consideration arises on plaintiff's exception to the ruling of the court excluding the deposition of George P. Clark.

Clark's deposition was taken at Portland, Oregon, some months before the trial.   The objection to it was based on the following facts:   Clark testified that at the date the check in question was protested he was manager for Bradstreet's agency in Salt Lake City, and that he received information that the check had been protested and of the circumstances.   On cross-examination he was asked who gave him this information; he without reason or excuse refused to answer.   On the trial defendant objected to the reading of this deposition.   The objection was sustained

and plaintiff excepted and assigned the ruling as error. We think the court below was right. The objection to this deposition went to the substance of the evidence; it was no formal or technical objection for want of form or for some irregularity or omission of the officer taking the deposition, which might be cured by the party taking it, if timely action calling attention to it be taken by the adverse party.

In this case had the witness been in court and had he contumaciously refused to answer the question that he did refuse to answer in this case, it would have been the duty of the court to strike out his entire testimony and withdraw it wholly from the consideration of the jury.

This view does not conflict with the opinion of this court in the case of *American Pub. Co.* v. *Mayne* decided at the last term of this court, *ante.*

In the present case, if the plaintiff suffered any damage at all, under the evidence we think the jury were warranted in finding that he was the author of his own injury. It seems he forbade the payment of the check, and so far as shown, no person outside of the two banks interested ever heard of it, except from the plaintiff himself. We find no error in the record and the judgment is affirmed.

MINER, J., concurred in the result.